IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DOHERTY, et al., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HAVERFORD TOWNSHIP, et al., | : | |
|     Defendants. | : | NO. 06-4864 |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE                                                                               May 31, 2007
UNITED STATES MAGISTRATE JUDGE

**I.    INTRODUCTION**

Plaintiffs James Doherty, John Doherty, and James Doherty, Trustee (collectively "Plaintiffs") brought this action against, *inter alia*, Defendant Haverford Township ("the Township") pursuant to 42 U.S.C. §§ 1983 and 1985, alleging violation of their constitutional rights with respect to their application for a license to rent out a residential rental property that Plaintiffs own in the Township and a citation issued by the Township relating to the allegedly premature rental of that property.[1] The parties consented to magistrate judge jurisdiction. Presently before the Court is the Township's motion to dismiss the counts asserted against it in the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 2.)

For the reasons set forth below, we will grant the Township's motion.

---

[1] Also named as defendants, on claims seeking insurance coverage for damages sustained at Plaintiffs' property unrelated to any actions taken by the Township, are Philadelphia Contributionship Insurance Company and Allstate Indemnity Company. Those parties have not moved to dismiss the complaint.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

The complaint makes numerous factual allegations that must be accepted as true for the purpose of deciding the motion to dismiss. *See Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006) ("A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom[,] there is no reasonable reading upon which the plaintiff may be entitled to relief.") (internal quotation omitted). While these facts are accepted as true for purposes of this decision, the court makes no findings regarding the truth of the complaint's allegations.

### A. Plaintiffs' Factual Allegations Relative to the Township

Plaintiffs[2] owned a single-family residence located on Wilmot Avenue[3] in Havertown, Pennsylvania which was leased to a couple beginning in November 2004. (Compl. ¶¶ 5-6.) The tenants failed to maintain the premises in a careful and proper manner. The premises also sustained damages due to a discharge of water in various rooms and ceilings. (*Id.* ¶ 8.) The tenants notified the Township that the premises were uninhabitable due to the these damages and, on January 17,

---

[2] The complaint somewhat confusingly uses the defined term "DOHERTY" to refer to the plaintiffs collectively. While at least one of the actions complained of in the suit appears to have been taken against only one of the plaintiffs, the complaint continues to employ the collective "DOHERTY" designation.

[3] We note various inconsistencies in the complaint and the exhibits to the complaint regarding the spelling of the street on which the subject premises are noted and the correct identity of the owner of the property. For example, the lease dated November 15, 2004 indicated that the landlord was one Virginia Moore. (Compl., Ex. A.) The owner listed on the inspection reports conducted by Township officials and by a private consultant is Mary Lou Doherty, Esquire, who is referred to in the complaint as Plaintiffs' "representative." Ultimately, however, these inconsistencies are of no consequence to our disposition of this matter.

2006, vacated the property. (*Id.* ¶ 9.) Plaintiffs then proceeded to repair the premises and submitted to the Township an Application for License to Lease or Rent that property. (*Id.* ¶ 10.)

In accordance with the rules and regulations listed on the instruction page that accompanies the Township's rental permit application, Plaintiffs submitted with their application an executed lease agreement.[4] In order to further comply with the rules listed on the application instruction page, Plaintiffs requested that the Township inspect the premises.[5] Steven Andrien, an agent/employee of the Township,[6] inspected the property on April 25, 2006. (*Id.* ¶¶ 11-12.) Andrien provided a completed Haverford Township Rental Inspection Report to Plaintiffs' agent indicating various items that needed to be addressed and indicating that "work must be completed in __30__ days." (*Id.* ¶ 13 & Ex. C.) The copy of the inspection report that Andrien filed with the Township, however, contained a further notation: "*Do not issue rental license (without env. report)." (*Id.* ¶ 14 & Ex. D.)

On May 8, 2006, Andrien sent Plaintiffs' representative a letter stating that "[y]our rental license is denied contingent upon the submittal [sic] of an environmental report, stating that the premises at 25 W. Wilmont Avenue, contains a safe level of mold and or toxins, as previously

---

[4] The instructions direct the applicant to "[l]ist occupants on the registration form attached to the rental application and ***provide a copy of the executed lease. Applicant shall promptly notify this office in writing of any change of occupancy.***" (Compl., Ex. B, ¶ 2 (emphases in original).)

[5] The instructions indicate that an inspection is required each time the occupancy of the rental unit is changed. The instructions also state that the housing license fee that must accompany the application for a rental license "is for a twelve (12) month period from March 1st to February 28th/29th." (Compl., Ex. B, ¶¶ 1, 3.)

[6] The complaint does not identify Andrien's position. A letter that appears to be signed by him is on Township stationery and only identifies his affiliation with "Codes Enforcement." (Compl., Ex. E.) He identifies himself as having Badge Number 95 on the Non-Traffic Citation/Summons dated May 12, 2006. (Compl., Ex. H.)

requested in my letter dated February 1, 2006." (*Id.* ¶ 15 & Ex. E.) Andrien issued this letter despite the fact that he and other Township employees knew that there are no existing applicable standards or guidelines that define what a "safe level of mold and/or toxins" in a residence would be. (*Id.* ¶¶ 17-18.) Plaintiffs arranged for an inspection of the premises by a certified microbial consultant. The report indicated that "[t]he property is currently rented to a new tenant and the local building official has required Mrs. [Mary Lou] Doherty to obtain a mold investigation prior to issuing a certificate of occupancy." (Compl., Ex. F at 2.) Following an inspection on May 9, 2006 and subsequent evaluation, the report concluded that "there is no need to vacate the residence at this time." (Compl. ¶ 19 & Ex. F at 6.) On or about May 19, 2006, Plaintiffs submitted the report to the Township. (Compl. ¶ 20.)

Andrien prepared a Non-Traffic Citation/Summons to James Doherty dated May 12, 2006 regarding the "failure to obtain rental license prior to renting property," citing to the 1960 Code, Section 104, sub-section 10-a, which provides in relevant part that "no person shall lease or rent any dwelling, dwelling unit or rooming unit in Haverford Township without first making application to and obtaining from the Director of Code Enforcement a permit to rent or lease such dwelling, dwelling unit or rooming unit." (Compl. ¶ 23[7] & Exs. G, H.) Following a hearing before a magisterial district judge on or about September 12, 2006, James Doherty was found guilty of a violation of § 104.10 of the Township Code, with the offense described as "failure to register rental unit." (*Id.* ¶ 23 & Ex. I.)[8] Meanwhile, the Township failed to respond to or hold a hearing regarding

---

[7] There are two paragraphs in the complaint numbered 22 but none numbered 23. We refer to the second paragraph 22 as paragraph 23.

[8] The Order Imposing Sentence identified the charge as "O §1960 §§104.10 FAILURE TO REGISTER RENTAL UNIT." (Compl., Ex. I.)

a petition filed by Plaintiffs' counsel, Mary Lou Doherty, Esquire, to Enforce the General Laws of the Township of Haverford (undated but stamped as having been "received" on June 26, 2006), which, *inter alia*, recited the history of Plaintiffs' efforts to secure a rental permit for this property, the issuance by Andrien of the non-traffic citation, as well as Plaintiffs' contention that the instruction page accompanying the permit application form was in conflict with Township Code with respect to the proper sequence of events when entering into a new lease and applying for the Township rental permit. (*Id.* ¶ 24 & Ex. J.)

Plaintiffs complain that "at all times," the Township has "refused to issue to [Plaintiffs] the rental license" for this property. (*Id.* ¶ 21.) Plaintiffs contend that the Township's conduct caused them to lose rental income in the amount of $1,275.00 per month from April 2006 to the present, as well as the fines, costs, and counsel fees associated with the conviction for violation of the Township Code. (*Id.* ¶ 26.) They further contend that the prosecution (presumably referring to that of James Doherty) was without legal or factual basis and without probable cause but rather was for the purpose of "oppressing, harassing and causing emotional and financial distress" to Plaintiffs. (*Id.* ¶ 28.)

### B.  Procedural History

Plaintiffs initiated this action by the filing of a writ of summons in the Delaware County Court of Common Pleas on July 19, 2006. They filed their complaint in that court on October 10, 2006. The complaint is comprised of two counts against the Township as well as one count each against Philadelphia Contributionship Insurance Company and Allstate Indemnity Company. The Township removed the litigation from the Court of Common Pleas to this Court on November 1, 2006 in light of the federal question claim against the Township under 42 U.S.C. §§ 1983 and 1985,

5

pursuant to 28 U.S.C. §§ 1441 and 1443. (Doc. No. 1.) The insurer defendants consented to the removal and have answered the complaint. Jurisdiction over Plaintiffs' federal question claims is predicated on 28 U.S.C. § 1331 and supplemental jurisdiction over their state law claims against the insurer defendants is predicated on 28 U.S.C. § 1367.

The Township filed the instant motion to dismiss pursuant to Rule 12(b)(6) on November 6, 2006. (Doc. No. 2.) Plaintiffs filed their opposition on November 16, 2006. (Doc. No. 4.)[9] They assert that the motion to dismiss should be denied. They have not formally sought leave, even in the alternative, to amend the complaint.[10] This Court heard oral argument on May 21, 2007.

## III.   STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-

---

[9] Appended to Plaintiffs' response to the motion to dismiss are two exhibits that were not among the exhibits appended to the original complaint. The first is a letter dated July 25, 2006 from Township Codes Enforcement Director Lori Hanlon-Widdop to Mary Lou Doherty, Esquire, addressing issues at a number of properties, including 25 W. Wilmont Avenue. The second exhibit purports to be a copy of Section 104-10 of the Township Code, with subsections (A) through (C). We note that a copy of what appears to be this same section of the Code, but limited to subsection (A), was appended to the Complaint at Exhibit G.

[10] At oral argument, Plaintiffs' counsel suggested that one way to respond to the motion to dismiss would be to amend the complaint and bring claims against particular municipal officials. In the nearly seven months since the Township filed its motion to dismiss, however, Plaintiffs have not sought this relief. We note that at this point in time, leave to amend the complaint would require leave of court or written consent of the Township. *See* Fed. R. Civ. Proc. 15(a). The court has the discretion to deny such a request if the moving party has demonstrated undue delay. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 115 (3d Cir. 2003). In any event, Plaintiffs have not properly requested leave to amend the complaint.

moving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.,* 759 F.2d 271, 273 (3d Cir. 1985)). The court may dismiss a complaint "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). However, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**IV.   DISCUSSION**

The Township seeks the dismissal of the first two counts which have been brought against it. The First Count incorporates by reference the facts alleged earlier in the complaint and further alleges that the Township, "through its agents, servants and employees including [Andrien,] have acted under color of State Law to deprive [Plaintiffs] of their rights secured by the Constitution and Laws of the United States in violation of the Civil Rights Act, 42 U.S.C. §1983; § 1985 and Article 14 of the Constitution of the United States." (Compl. ¶ 25.) Plaintiffs further allege in the First Count that, "[a]s a direct and factual result of [the Township's] violation of [Plaintiffs'] civil rights, [Plaintiffs] have been deprived of the beneficial use of the [premises] and ha[ve] suffered damages for loss of rental income" from April 2006 onward, fines and costs, and attorneys fees. (*Id.* ¶ 26.)

The Second Count is also brought against the Township and also incorporates all of the factual allegations set forth earlier in the complaint. With respect to this count, Plaintiffs allege that the Township, "through its agents, servants and employees[,] have prosecuted [Plaintiffs] without legal or factual basis without probable cause for the malicious purpose of oppressing, harassing and causing emotional and financial distress to [Plaintiffs]." (*Id.* ¶ 28.)

The Township contends that the complaint should be dismissed against it because (1) Plaintiffs fail to establish necessary elements to support a § 1983 claim against a municipality; (2) the complaint fails to "establish or even allege" the existence of a conspiracy to deprive Plaintiffs of their constitutional rights as required in a § 1985 claim; and (3) the allegations of malicious prosecution are "absurd" and "cannot survive even a cursory scrutiny" by the Court. (Doc. No. 2, Def. Br. at 2.) In response, Plaintiffs assert that the facts alleged in the complaint, and supported by additional exhibits to their response, demonstrate that the Township has a custom and practice that permitted its officials to violate municipal law and that Plaintiffs satisfied their pleadings obligations with respect to the malicious prosecution claim because "Doherty" (presumably James Doherty) "was convicted for a violation which is different from that of which [he] was charged." (Doc. No. 4, Pls.' Br. at 2-3.)

The parties' briefs demonstrate that they view the First Count of the complaint as implicating claims under 42 U.S.C. §§ 1983 and 1985.[11] With respect to the Second Count, the Township's brief sets forth the elements of a common law malicious prosecution claim, as opposed to the standard for a federal § 1983 malicious prosecution claim, which requires an additional element. Because Plaintiffs' complaint did not indicate the nature of the malicious prosecution claim they sought to bring and because their response to the motion to dismiss did not contest the Township's assessment or in any manner describe the elements of a claim of "malicious prosecution," we evaluate the

---

[11] Neither party discusses the fact that the First Count of the complaint refers to a violation by the Township of Plaintiffs' rights under "Article 14 of the Constitution of the United States." (Compl. ¶ 25.) The complaint does not otherwise employ any of the "buzz words" of the Fourteenth Amendment, such as due process or equal protection. At oral argument, however, Plaintiffs' counsel characterized the claim as based upon a deprivation of property without due process.

Second Count of the complaint as being brought under Pennsylvania common law.[12] We proceed then to consider the three causes of action asserted by Plaintiffs against the Township.

    A.    **First Count: Section 1983 Claim**

Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. To maintain a claim under this section, a plaintiff must first establish that he suffered a deprivation of a federally protected right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Assuming that element to be satisfied, a municipality (as opposed to an individual) may be liable as a "person" under § 1983 only "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). This requirement is satisfied where the municipality or a policymaker for the municipality promulgates a policy which, when implemented, resulted in the constitutional deprivation, *see, e.g., Monell*, 436 U.S. at 660-61; where no rule has been announced as "policy" but the action constituting the constitutional deprivation was taken by the policymaker himself, *see, e.g., Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986); or where a

---

[12] We note also that, while the Second Count of the complaint incorporates by reference all earlier allegations, which would include the assertion that the Township deprived Plaintiffs of their rights in violation of 42 U.S.C. § 1983, none of the additional allegations contained within the Second Count refer to federal law, federal rights, or § 1983.

policymaker failed to act affirmatively when the need to take some action to control a government agent was so obvious and the inadequacy of existing practice so likely to result in the particular constitutional deprivation that the policymaker can reasonably be said to have been deliberately indifferent to the consequences of failing to take corrective action, *see, e.g., City of Canton v. Harris*, 489 U.S. 378, 390 (1989). In order for liability to be imputed to a municipality, however, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Brown v. Muhlenberg Township*, 269 F.3d 205, 214 (3d Cir. 2001). As the Supreme Court explained in the context of a claim of negligent hiring alleged to have resulted in the employee's use of excessive force, the finding of culpability on the part of the municipality must depend on a finding that the *particular* municipal employee was highly likely to inflict the *particular* injury suffered by the plaintiff. *See Board of County Commrs. of Bryan County v. Brown*, 520 U.S. 397, 412 (1997)

It bears repeating that there is no *respondeat superior* liability in the § 1983 context; a municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Bryan County v. Brown*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 689, 692). Where a § 1983 claim is predicated upon the oversight of an employee, in order to prevent municipal liability from "collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Bryan County v. Brown*, 520 U.S. at 410. "As [the Supreme Court] recognized in *Monell* and ha[s] repeatedly affirmed, Congress did not intend municipalities to be held liable unless *deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Id.* at 415.

The Township asserts that the facts alleged in the complaint do not support a claim that Plaintiffs were deprived of any constitutional rights. (Doc. No. 2, Def.'s Br. at 7.) It further contends that even if an allegation of a constitutional deprivation were found, based for example on the assertion that Plaintiffs were denied a hearing on the petition filed by Mary Lou Doherty or that the Township improperly proceeded with the prosecution of Plaintiffs, Plaintiffs fail to meet the requirements under *Monell* to establish municipal liability. (*Id.*) Plaintiffs do not appear to be pursuing an issue as to the response to the Mary Lou Doherty petition. Rather, their written response to the motion focuses on "selective prosecution" as the constitutional violation upon which they base their claim.[13] (Doc. No. 4, Pls.' Br. at 5, 6.) They contend in their opposition brief that their prosecution resulted from a requirement in the rental license application process that was inconsistent with the Township Code and thus exposed license applicants to selective prosecution. (*Id.* at 6.)[14] They also pointed out at oral argument that Andrien swore out the citation against Plaintiffs less than 30 days after providing Plaintiffs with a copy of an inspection report implicating that they had a 30-day grace period in which to complete work on the property. (*See also* Compl. ¶¶ 12-13, & Exs. C, H.) They appear to assert that the causation element of § 1983 is satisfied by the Township's "deliberate indifference" as to the known or obvious consequences of maintaining

---

[13] At oral argument Plaintiffs also contended that the constitutional violation was a deprivation of a property interest without due process of law.

[14] Plaintiffs also contend that the custom or policy requirement is satisfied by the fact that the Township's Director of Codes Enforcement permits uncertified individuals to selectively prosecute individuals in violation of their civil rights. (Doc. No. 4, Pls.' Br. at 4-5.) Because the facts supporting this claim were not contained the complaint or the exhibits thereto but rather in the response to the motion to dismiss, we do not consider them here.

a rental license application process that is inconsistent with the Township Code. (Doc. No. 4, Pls.' Br. at 5-6.)

Even reading the complaint in the light most favorable to Plaintiffs, we find that Plaintiffs have failed to state a claim under § 1983. Plaintiffs have failed to link any alleged constitutional deprivation to a custom or policy as required by *Monell*. While Plaintiffs contended at oral argument that they were deprived of their property interest without due process of law, and while the complaint alleges that the Township has refused to issue a rental license that would permit them to lease the subject property, they have not shown in their complaint how this action would rise to the level of a custom or policy. The complaint attributes the improper conduct in this case primarily to Andrien, who is not alleged to be a policymaker for the Township; the fact that the Township employs Andrien does not render it liable under § 1983. *See Monell*, 436 U.S. at 692. The complaint does not allege that a policymaker for the Township has taken an action that deprived Plaintiffs of a property right. To the extent that Plaintiffs contend that the Township is liable under *Monell* due to conflicting rules it promulgated concerning the process by which a landlord must apply for a rental permit, they have failed in their complaint to link that "policy" with a deprivation of a constitutional right, much less to demonstrate how that policy was the "moving force" behind any injury to them. *See Bryan County v. Brown*, 520 U.S. at 404. "Congress did not intend municipalities to be held liable unless *deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Id.* at 415. Plaintiffs have not so pled in this case. Therefore, their § 1983 claim against the Township must be dismissed.[15]

---

[15] Plaintiffs' response to the motion to dismiss contended that the contradictory rental license application requirements "permit[] selective prosecution of individuals including Plaintiffs herein" and enables the Township "to prosecute individuals selectively without legal recourse." (Doc. No.

**B.     First Count: Section 1985 Claim**

Plaintiffs also assert in the First Count of their complaint that the Township violated 42 U.S.C. § 1985.  Section 1985 provides, in relevant part:

> If two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  The Court of Appeals for the Third Circuit has explained that in order to make out a violation of § 1985(3), the plaintiff must allege the following elements:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to [sic] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).  In this area of law, a municipality and its officials are considered a single entity that cannot conspire with itself.  *See Robison v. Caterbury Village, Inc.*, 848 F.2d 424, 431 (3d Cir. 1988) (holding that corporation and corporate officer sued in official capacity could not conspire); *Aardvark Childcare & Learning Center, Inc. v. Township of Concord*,

---

4, Pls.' Br. at 6.)  The complaint, however, fails to allege that the Township acted with any discriminatory animus or evidence of class-based differential treatment as is ordinarily present in claims of selective prosecution.  *See, e.g., United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989) ("A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive.")  Therefore, this theory does not save Plaintiffs from the dismissal of the § 1983 claim.

401 F. Supp.2d 427, 450 (E.D. Pa. 2005) (finding public entity and its officials are single entity incapable of conspiracy).

The Township asserts that the complaint fails to allege a conspiracy between the Township (or any of its officials) and another person, and that the complaint fails to allege the improper animus required for a § 1985 claim. (Doc. No. 2, Def. Br. at 8.) In response, Plaintiffs contend that the documents appended to the complaint, as well as a document appended to its opposition brief, establish the basis for a conspiracy. (Doc. No. 4, Pls.' Br. at 6.) Their response, however, wholly fails to point to the facts contained in the complaint packet that would provide this support. They appear to suggest that there is some significance in the fact that another Township official — whose name appears nowhere in the complaint — "rubber stamped" actions taken by Andrien. This allegation is outside the pleadings, does not evidence a conspiracy, and does not acknowledge the fact that two Township officials would be considered a single entity who could not conspire with each other as a matter of law. Plaintiffs also assert that the Township's failure to respond to the petition filed by Mary Lou Doherty to Enforce the General Laws of the Township has some bearing on this issue. We fail to see how it does. Moreover, notwithstanding Plaintiffs' assertion that "[a]ll of these facts establish the basis for a conspiracy motivated by a class based discriminatory animus to deprive Plaintiffs of their constitutional rights," (Doc. No. 4, Pls.' Br. at 7), we note the marked absence of evidence that Plaintiffs are members of a particular class. This claim will be dismissed.

### C.     Second Count: Malicious Prosecution Claim

In order to make out the common law tort of malicious prosecution in Pennsylvania, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the proceeding was initiated without probable

cause; and (4) the defendant's actions were malicious or undertaken for a purpose other than bringing the plaintiff to justice. *Merkley v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000). Legal malice in the context of a claim for malicious prosecution may be found where the defendant is motivated by hatred or ill will, or where his actions evidence a "reckless and oppressive disregard of the plaintiff's rights." *Hugee v. Pennsylvania R.R. Co.*, 101 A.2d 740, 743 (Pa. 1954).

The Township identified this legal standard in its brief seeking the dismissal of this count, asserting that assuming the citation for the Township Code violation amounted to a "criminal" proceeding, the fact that Plaintiffs were found guilty precluded relief under this cause of action. (Doc. No. 2, Def.'s Br. at 9.) Plaintiffs' response fails to acknowledge the defects in their pleading in this respect, instead asserting a malicious purpose in the prosecution could be inferred from the facts that: (1) Andrien issued the citation within what Plaintiffs characterize as a 30-day "grace period" since his denial of their application; (2) he did so while knowing that the application instructions required the submission of an executed lease; and (3) Plaintiffs were found guilty of a different violation than that charged. (Doc. No. 4, Pls.' Br. at 7.) This response fails to cure the defects identified by the Township. The fact that the "criminal proceeding" did not end in Plaintiffs' favor defeats their malicious prosecution claim. This finding obviates the need to determine whether the initiation of the prosecution was supported by probable cause or what motivated Andrien to file the charges. This claim must be dismissed.

**V.   CONCLUSION**

For the foregoing reasons, we will dismiss the First and Second Counts of the complaint. The First Count of the complaint, which was alleged to involve a federal question, provided the basis for removal of this case to federal court and jurisdiction pursuant to 28 U.S.C. § 1331. The parties

agreed at oral argument that there is no basis for diversity jurisdiction in this case.[16]  28 U.S.C. § 1447(c), which addresses procedural issues following the removal of cases from state court, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *See also Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-14 (3d Cir. 1997) (noting mandatory language of § 1447(c) and holding that district court must remand case to appropriate state court upon determining that it lacks jurisdiction).  The parties at oral argument expressed their belief that, were we to grant the Township's motion to dismiss, we would have to remand the case.  We note that there is authority for the proposition that a district court may exercise its discretion not to remand pendent claims in a removed case.  *See, e.g., Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).  In making this determination, "the district court should consider what best serves the principles of economy, convenience, fairness, and comity."  *Id.*

Given that we are dismissing the only claim providing us subject matter jurisdiction over this dispute, that the parties are in only the early phases of discovery, and that our involvement in this case thus far has been quite limited, we will relinquish jurisdiction over the remaining claims (the Third and Fourth Counts) against the Philadelphia Contributionship Insurance Company and Allstate Indemnity Company.

An appropriate order follows.

---

[16] The prerequisites for jurisdiction pursuant to 28 U.S.C. § 1332 are lacking in this case because Plaintiffs and one of the remaining defendants, Philadelphia Contributionship Insurance Company, are both residents of Pennsylvania.  *See* 28 U.S.C. §1332(c)(1).  (*See also* Compl. ¶¶ 1, 3.)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DOHERTY, et al., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HAVERFORD TOWNSHIP, et al., | : | |
|     Defendants. | : | NO. 06-4864 |

## **ORDER**

AND NOW, this 31st day of May, 2007, upon consideration of Defendant Haverford Township's motion to dismiss and the memoranda of law filed in support thereof and in opposition thereto, and for the reasons stated in the accompanying memorandum, IT IS HEREBY ORDERED that Defendant's motion (Doc. No. 2) is GRANTED and that all claims against Haverford Township are DISMISSED, with prejudice.  IT IS FURTHER ORDERED that this matter is REMANDED to the Court of Common Pleas of Delaware County.

In light of the foregoing, IT IS FURTHER ORDERED that Defendant Allstate Indemnity Company's Motion for Leave to Join Additional Defendants (Doc. No. 31) is DENIED AS MOOT.

The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE